UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM CORDOVA,

    Plaintiff,

v.                                  Case No:   6:14-cv-2014-Orl-41TBS

AIR FORCE FUN, LLC and ERIKA
DUARTE,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Unopposed Motion for Approval of Acceptance of Offer of Judgment (Doc. 32). Upon due consideration, I respectfully recommend that the motion be **granted**.

### I. Background

Plaintiff Adam Cordova was employed by Defendants Air Force Fun, LLC and Erika Duarte from July 22, 2013 until August 27, 2014 (Doc. 20-1, ¶ 1). His responsibilities included acting as Defendants' back office manager, controller, bookkeeper, accountant, photographer, salesman, webmaster, helicopter support, and IT worker (Id., ¶ 4). He was paid a salary of $3,300 per month to perform these tasks (Id., ¶ 5). Plaintiff claims that he was not exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"), 29 § U.S.C. 201, *et seq.*, and that he is owed overtime compensation for hours worked in excess of 40 per week (Doc. 1). In their answer, Defendants denied liability and asserted 14 affirmative defenses (Doc. 10). Defendants made an offer of judgment pursuant to FED. R. CIV. P. 68, offering to allow judgment for $8,000 in actual and liquidated damages to be entered against them (Doc. 29-1). The offer provides that the issue of Plaintiff's attorney's fees and costs will be

decided by the Court (Id.). The offer does not include a release, confidentiality agreement, or other non-monetary terms that frequently concern the Court (Id.). Plaintiff accepted the offer and now seeks Court approval of his decision (Docs. 29, 32).

## II. Discussion

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

The district court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the parties' settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8,

2007).   There is a "'strong presumption' in favor of finding a settlement fair."   Id. (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

Ordinarily, an employer must pay its employees one and one-half times the employee's regular rate of pay for all hour worked in excess of forty in a week.   29 § U.S.C. 207(a)(1).   But, there is an alternative method, known as the "fluctuating workweek method," for calculation of overtime compensation for certain salaried employees.   29 C.F.R. § 778.114.   Under the fluctuating workweek method, the employee's overtime hours are compensated at the rate of one-half his regular rate because his straight-time rate already includes compensation for all hours worked.   Id.; Davis v. Friendly Express, Inc., No. 02-14111, 2003 WL 21488682, at *1 (11th Cir. 2003).

The fluctuating workweek method of calculating overtime compensation under the FLSA is only applicable if "(1) the employee clearly understands that the straight-salary covers whatever hours he or she is required to work; (2) the straight-salary is paid irrespective of whether the workweek is one in which a full schedule of hours are worked; (3) the straight-salary is sufficient to provide a pay-rate not less than the applicable minimum wage for every hour worked in those weeks in which the number of hours worked is greatest; and (4) in addition to straight-salary, the employee is paid for all hours in excess of the statutory maximum at a rate not less than one-half of the regular rate of pay."   Id.   The parties agree that the fluctuating workweek method is the correct methodology to calculate Plaintiff's damages (Docs. 32, 34).

Assuming four weeks in a month, Plaintiff's salary of $3,200 per month works out to $825 per week (Doc. 32, ¶ 2).   Plaintiff estimates that he worked between 40 and 50 hours per week for 56 weeks (Id.).   Dividing $825 per week by 48 hours worked results in payment to Plaintiff of $17.92 per hour (Id.).   One-half of this amount is $8.59 per hour, multiplied by 8 hours of overtime per week is $68.75 per week that Plaintiff should have

been but was not paid (Id.).   Multiplying $68.75 by 56 weeks equals $3,850 in actual damages and $3,850 in liquidated damages for a total of $7,700 (Id.).   The offer of judgment is for $4,000 in actual damages and $4,000 in liquidated damages. Consequently, it is for an amount $300 greater than Plaintiff is owed.   Because there is no compromise of Plaintiff's claim, I recommend the Court approve Plaintiff's acceptance of the offer of judgment.   This will leave for separate determination by the Court, the amount of attorney's fees and costs to be paid to Plaintiff and his lawyer.

### III. Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that the Court:

(1) **GRANT** Plaintiff's motion and **APPROVE** his acceptance of the offer of judgment; and

(2) **ALLOW** the parties twenty-one (21) days to agree on a reasonable attorney's fee and costs for Plaintiff or, if they are unable to agree, for Plaintiff's counsel to file his application for fees and costs.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on July 22, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record